# United States *v.* Hegeman.

*Principal and surety—Bond—Suit in name of United States—Public works.*

The act of congress of August 13, 1894, entitled " An act for the protection of persons furnishing materials and labor for the construction of public works," which authorizes persons supplying labor and materials to contractors for the construction of any public work to bring suit in the name of the United States for his or her use and benefit against the sureties of the contractors, does not impose as a condition precedent to the bringing of such action, the filing of an affidavit of claim with the department having charge of the work for which the bond has been given. The object of filing the affidavit is simply to secure a copy of the contract and bond.

*Partnership—Notice of change of partnership—United States government contractors.*

Where persons have furnished materials to a firm of United States government contractors, their right to recover on the bond of the contractors is not to be defeated merely by showing that there has been a change in the persons controlling the firm, of which change the subcontractor had no notice until after their goods had been delivered and used.

Argued April 14, 1902.   Appeal, No. 10, April T., 1902, by the American Surety Company of New York, from judgment of C. P. No. 3, Allegheny Co., May T., 1900, No. 222, on verdict for plaintiff, in case of the United States of America, for use First Pool Monongahela Gas Coal Company v. W. W. Hegeman, Frederick Russell, trading as W. W. Hegeman & Company and the American Surety Company of New York. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on a bond of suretyship.
The court gave binding instructions for plaintiff.
Verdict and judgment for plaintiff for $971.75.

*Error assigned* was in giving binding instructions for plaintiff.

*James E. Gray*, with him *W. S. Thomas*, for appellant.

*William M. Hall*, with him *Horace J. Miller*, for appellee.

OPINION BY W. D. PORTER, J., November 19, 1902:

We have held, in the case of the United States for use of Ancorani v. American Surety Co., No. 141, April term, 1902, that the filing of an affidavit of claim with the department having charge of the work is not, under the provisions of the act of congress, a condition precedent to the use of the name of the United States in an action against the contractor and his surety. This appeal raises that question, but we have nothing to add to what we said in the case referred to.

We have carefully reviewed the evidence and have found nothing to sustain an inference that the plaintiff had any notice or knowledge of any change in the membership of this partnership until long after the course of dealing had been completed. After all the goods had been delivered, and when the officers and attorneys of the plaintiffs were about to bring suit, they, for the first time, received an intimation that there had been a change in the membership of the defendant firm. Notice, in order to be effective to relieve one who was a member of the firm when the course of dealing began, must have been prior to the time when the plaintiff parted with his goods. The defendants entered into a contract with the United States for the execution of the work covered by a single contract; they had given the bond required by the act of congress, and their surety had become liable to be called upon to pay for the materials which were furnished to the contractors in the execution of that contract. The plaintiffs had furnished such materials and their right to recover is not to be defeated by merely showing that there had been a change in the persons composing the firm which was the principal contractor, of which change the plaintiffs had no notice until after their goods had been delivered and used.

The judgment is affirmed.